UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, | Case No. 12-CR-0154 (PJS) |
| Plaintiff, | |
| v. | ORDER REMANDING CASE |
| STEVEN A. HOUSMAN, | |
| Defendant. | |

Steven A. Housman, pro se.

On June 23, 2010, the State of Minnesota brought criminal charges against defendant Steven A. Housman, a patient at the Minnesota Sex Offender Program in Moose Lake, Minnesota, for escaping from custody in violation of Minn. Stat. § 609.485. Now, nearly two years later, Housman seeks to remove this state criminal prosecution to federal court pursuant to 28 U.S.C. §§ 1443 and 1446.[1]

The Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted . . . ." 28 U.S.C. § 1455(b)(4). Having examined Housman's notice of removal and attached exhibits, the Court concludes that summary remand is required.

As a procedural matter, Housman's notice of removal (dated June 7, 2012) is almost certainly untimely. Absent a showing of good cause, a notice of removal must be filed within

---

[1] Congress amended certain removal statutes in the Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See* Pub L. No. 112-63, § 103, Dec. 7, 2011, 125 Stat 758 (2011). Section 1446 now deals exclusively with removals of civil actions, while removals of criminal prosecutions are now codified at 28 U.S.C. § 1455.

30 days of the arraignment in state court or before trial, whichever is earlier. *See* 28 U.S.C. § 1455(b)(1). The criminal prosecution that Housman seeks to remove was brought by the State of Minnesota on June 23, 2010, almost two years ago. It is unclear from Housman's papers whether the state prosecution is still pending, but, in any event, it is almost inconceivable that Housman did not have an arraignment hearing before May 8, 2012.

Even if Housman's removal petition were timely, his petition fails on the merits. Section 1443(1) of Title 28 permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." Removal jurisdiction under § 1443(1) is very narrow. As the Supreme Court explained in *Johnson v. Mississippi*, removal is authorized only when "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." 421 U.S. 213, 219 (1975) (internal quotations omitted). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.*

Here, Housman contends that his criminal prosecution would violate his due-process rights under the Fourteenth Amendment to the United States Constitution. The Supreme Court has made clear, however, that claims under the "Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of [that clause] are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Georgia v. Rachel*, 384

U.S. 780, 792 (1966).  In short, Housman's claim under the Fourteenth Amendment does not provide a basis for removal under § 1443(1).  Because the notice of removal is facially invalid, no evidentiary hearing is required.  *See McCullough v. Ligon*, 271 Fed. Appx. 547, 548 (8th Cir. 2008).

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED that this case is REMANDED to the Minnesota District Court, Sixth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 13, 2012                         s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge